IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00619-PAB-STV

TEGRITY CARROLL,
BABATUNDE ELEBE, and
ANTHONY HAMROCK,

    Plaintiffs,

v.

SCHLUMBERGER TECH. CORP.,

    Defendant.

## MINUTE ORDER

**Entered by Chief Judge Philip A. Brimmer**

    This matter is before the Court on plaintiffs' Unopposed Motion for Approval of Confidential Settlement Agreement and Release and Dismissal of Lawsuit With Prejudice [Docket No. 46]. Plaintiffs brought suit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, alleging that defendant mis-classified plaintiffs as independent contractors and paid plaintiffs a day-rate with no overtime compensation. Docket No. 1 at 1, 3, ¶¶ 1-4, 17-18. The parties have reached a settlement agreement and ask the Court to approve the settlement, direct the parties to implement and complete the funding as set forth in the settlement agreement, and dismiss this lawsuit and all claims of plaintiffs with prejudice. Docket No. 46 at 17.

    The state of court involvement in FLSA dismissals is unsettled. In *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), the Second Circuit held that a Rule 41(a)(1)(A)(ii) stipulation of dismissal with prejudice requires the approval of the district court or the Department of Labor to take effect. In the absence of a Tenth Circuit decision on the issue, courts in this district have taken different approaches. In *Fails v. Pathway Leasing, LLC,* No. 18-cv-00308-CMA-MJW, 2018 WL 6046428 (D. Colo. Nov. 19, 2018), the court thoroughly reviewed the legal landscape and determined that, absent exceptional circumstances, the court need not approve FLSA settlements. In *Slaughter v. Sykes Enter., Inc.*, No. 17-cv-02038-KLM, 2019 WL 529512, at *5-6 (D. Colo. Feb. 11, 2019), the court examined *Fails* and *Cheeks* and determined that, while there is disagreement over whether FLSA settlements must be approved by the court, there does not appear to be disagreement about whether FLSA settlements may be approved by the court. In light of this, the court chose to review the

motion under the traditional FLSA settlement factors, despite the fact that there did not appear to be any obvious defects. *Id.* at *6. More recently, in *Lee v. Best Budz, LLC*, No. 19-cv-02430-KMT, 2019 WL 5964966, at *3 (D. Colo. Nov. 12, 2019), the court declined to review the merits of the settlement agreement because there did not appear to be a defect in the agreement and plaintiff and the one opt-in member participated in settlement negotiations and obtained payment.

Based on this review, the Court finds that judicial approval of the settlement agreement in this case is not required.  The claims in this case are part of an earlier collective action that was decertified and opt-in plaintiffs were dismissed without prejudice.  Docket No. 46 at 1.  Plaintiffs re-filed their claims against defendant and the settlement agreement does not purport to resolve any claims on behalf of any collective.  *See generally* Docket No. 47-1.  Plaintiffs represent that there is a bona fide dispute, the settlement is fair and reasonable to all parties concerned, and the settlement contains a reasonable award of attorneys' fees.  Docket No. 46 at 2-3, 8.  The parties exchanged extensive information related to defendant's classification and compensation of plaintiffs, including through subpoenas to third parties, and briefed the legal principles applicable to the claims as defenses asserted.  *Id.* at 3.  There does not appear to be a defect in either the settlement agreement or process that would require the Court to inquire as to whether there is a bona fide dispute.  Therefore, the Court finds that this case does not require judicial approval of the settlement, and the Court declines to review the merits of the settlement agreement.  Accordingly, it is

**ORDERED** that plaintiffs' Unopposed Motion for Approval of Confidential Settlement Agreement and Release and Dismissal of Lawsuit With Prejudice [Docket No. 46] is **GRANTED in part** and **DENIED in part**.[1]  It is further

**ORDERED** that the request for the Court to approve the settlement agreement is **DENIED**.  It is further

**ORDERED** that the request to direct the parties to implement the funding as set forth in the settlement agreement is **DENIED**.  It is further

**ORDERED** that the request to dismiss this action with prejudice based on the parties' successful settlement negotiations is **GRANTED**.  It is further

**ORDERED** that this case is **DISMISSED with prejudice**.


DATED September 16, 2021.

---

[1] Plaintiffs' request to allow the settlement agreement and related documents to be filed under restriction was granted by the magistrate judge, *see* Docket No. 49, and the Court therefore declines to address it.